McCARTHY LAW PLC
CANDID CONVERSATION. WISE COUNSEL.

**Kevin Fallon McCarthy, 011017**
**Devan E. Michael, 032803**
**Joon Kee, 028152**
**4250 North Drinkwater Blvd, Suite 320**
**Scottsdale, AZ  85251**
**602-456-8900**
**Devan.michael@mccarthylawyer.com**
**joon.kee@mccarthylawyer.com**
**Attorneys for Plaintiff(s)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| JULIE FIELDS,<br><br>         Plaintiff,<br><br>v.<br><br><br>DEPARTMENT STORES NATIONAL BANK and EQUIFAX INFORMATION SERVICES LLC,<br><br>         Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 *et seq*.)** |

**COMES NOW** Plaintiff, JULIE FIELDS ("Plaintiff"), by and through counsel, for causes of action against Defendants DEPARTMENT STORES NATIONAL BANK and EQUIFAX INFORMATION SERVICES LLC, and pleads as follows:

**I.   PARTIES**

1. Plaintiff is a resident of Minnesota.

2. Defendant, DEPARTMENT STORES NATIONAL BANK ("DSNB"), is not a corporation registered with the Arizona Corporation Commission, but at all times relevant hereto was registered with the FDIC as a Federally Chartered National Bank with their headquarters located at: 701 East 60th Street, Sioux Falls, South Dakota, 57104.

3. Defendant, EQUIFAX INFORMATION SERVICES LLC ("EQUIFAX"), is a credit reporting agency, as defined by 15 U.S.C. § 1681a(f), licensed to do business in Arizona and has designated the following registered statutory agent: CORPORATION SERVICE COMPANY, 2338 WEST ROYAL PALM ROAD, STE-J, PHOENIX, ARIZONA 85021.

## II.   JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*, hereinafter "FCRA").

5. Personal jurisdiction exists over Defendants as Defendants have the necessary minimum contacts with the state of Arizona.

## III.   GENERAL ALLEGATIONS

6. This action arises out of Defendants' violations of the FCRA.

7. That the Plaintiff is a consumer and victim of inaccurate reporting by Defendants, and has suffered particularized and concrete harm.

8. That Plaintiff obtained her consumer credit reports, discovered that the account associated with the 1099-C was being reported incorrectly, and filed a written dispute with the credit reporting agencies, namely, EQUIFAX.

9. That the Defendants willfully failed to correct the errors contained with the consumer credit report and willfully failed to conduct a re-investigation upon receipt of the dispute.

10. That the Defendants failed to maintain reasonable procedures to assure maximum accuracy of the information contained within the consumer credit reports.

11. That on May 20, 2013, Defendant DSNB issued a 1099-C, cancellation of debt, for

Plaintiff's Macy's/DSNB credit card account ending in 1893-9907 ("Account"). Exhibit A.

12. The 1099-C canceled the principal balance owed, excluding interest and fees.

13. The Identifiable Event Code on the 1099-C is marked "G". Exhibit A.

14. Code "G" on a 1099-C represents that the creditor has made a decision or policy to discontinue collection of the debt and cancel the debt.

15. Subsequently, Defendant DSNB submitted a tax form 1099-C to the Internal Revenue Service ("IRS") for the cancellation of the debt amount owed to Defendant DSNB.

16. Due to the issuance of the form 1099-C, Plaintiff was obligated to pay income taxes to the IRS on the cancelled debt.

17. It would be inequitable to the Plaintiff who had to pay income taxes on the cancelled debt, to then allow DSNB who reported to the IRS that the indebtedness was cancelled, to also be allowed to collect the cancelled debt from the Plaintiff. Thus, creating a situation where the Plaintiff pays more than what was owed.

18. That Defendant DSNB still reported a balance on the Account, inclusive of interest and fees, on Plaintiff's credit report.

19. That on or about October 20, 2016, Plaintiff obtained her consumer credit report and discovered that Defendant DSNB was inaccurately reporting the Account.

20. That on November 2, 2016, Plaintiff sent a written dispute, with supportive documentation, to the Defendant EQUIFAX regarding the accuracy of the derogatory information reported by the Defendant EQUIFAX. Exhibit B.

21. Upon information and belief, Defendant EQUIFAX forwarded at least a portion of

Plaintiff's written dispute letter to the Defendant DSNB.

22. That Defendant DSNB willfully failed to conduct a proper investigation and correct the inaccurate reporting of the Account to the consumer reporting agency, EQUIFAX, to the detriment of the consumer Plaintiff. Exhibit C.

23. That Defendant DSNB is willfully reporting derogatory and inaccurate information about Plaintiff to consumer reporting agencies, namely Defendant EQUIFAX. Exhibit C.

24. That Defendant EQUIFAX failed to conduct a reasonable re-investigation on the Account to the detriment of the consumer Plaintiff. Exhibit C.

## COUNT I:

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

25. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

26. Defendant EQUIFAX is a credit reporting agency, as defined by 15 U.S.C. § 1681a(f).

27. Plaintiff filed a written dispute directly with Defendant EQUIFAX concerning the accuracy of the information contained within her consumer credit report regarding the Account. Exhibit B.

28. That Defendant DSNB willfully failed to conduct a proper investigation and correct the inaccurate reporting of the Account to the consumer reporting agencies, namely EQUIFAX, in violation of 15 U.S.C. § 1681s-2(b) and to the detriment of the consumer Plaintiff. Exhibit C.

29. That Defendant DSNB is willfully reporting derogatory and inaccurate information about Plaintiff to one or more consumer credit reporting agencies, as defined by 15 U.S.C. § 1681a, by continuing to report a balance on the Account. Exhibit C.

30. That Defendant EQUIFAX willfully failed to conduct a reasonable reinvestigation in violation of 15 U.S.C. § 1681i(a)(1)(A) to the detriment of the consumer Plaintiff. Exhibit C.

31. That Defendant EQUIFAX willfully failed to maintain and/or follow reasonable procedures to assure maximum accuracy of the information it reported to one or more third parties pertaining to the Account, in violation of 15 U.S.C. § 1681e.

32. That the foregoing acts and omissions of the Defendants DSNB and EQUIFAX constitute unacceptable violations of the FCRA.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks her statutory remedies as defined by 15 U.S.C. § 1681n and demands:

1. Actual damages to be shown at trial, or statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

2. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

3. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

4. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted this 20th day of December, 2016.

                      MCCARTHY LAW, PLC

                By: */s/ Kevin F. McCarthy*
                   Kevin Fallon McCarthy, Esq.
                   Devan E. Michael, Esq.
                   Joon N. Kee, Esq.
                   Attorneys for Plaintiff

McCarthy Law, PLC
4250 N. Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602-456-8900
www.McCarthyLawyer.com

Fields v. Department Stores NB et al.    6    COMPLAINT